FILED & ENTERED

SEP 29 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>PETR MEDACEK,<br><br>Debtor(s). | Case No.: 2:17-bk-20560-NB<br><br>CHAPTER 13<br><br>**ORDER TO APPEAR AND SHOW CAUSE WHY THE COURT SHOULD NOT SANCTION THE DEBTOR'S ATTORNEY FOR FILING PAPERS FOR IMPROPER PURPOSES ETC.**<br><br><u>Hearing</u>:<br>Date:  November 7, 2017<br>Time:  10:00 a.m.<br>Crtm:  1545 |

    The debtor's attorney, Ronald A. Norman, Esq., filed a document that appears to contain internally inconsistent statements, and that appears to have been presented for improper purposes. He must attend the hearing set forth above and show cause why he should not be sanctioned for violating Rule 9011(b) (Fed. R. Bankr. P.).

    The facts are as follows. A motion for relief from the automatic stay was filed by Deutsche Bank National Trust Company ("Movant") (dkt. 5) with respect to the property at 901 Isabel Street, Los Angeles, California (the "Property"). Attached to the motion is a foreclosure deed (a trustee's deed upon sale) transferring the Property to Movant.

    The debtor's opposition (dkt. 10) asserts that the foreclosure was invalid, that the

Movant does not actually own the property, and numerous other allegations.  Almost every box on the "opposition" portion of the form is checked, even though at least some of the allegations appear to be self-contradictory.  In particular:

    (1) <u>Tenant, or owner</u>?  At one point the debtor claims to be a tenant at the Property.  Dkt. 10, at PDF p. 4, ¶ 3.  At other times appears to assert that he is an owner of the Property (*e.g.,* he claims to have an equity in the Property).  *Id.* at PDF p. 3, ¶ 3.c.(4).

    (2) <u>Hopelessly underwater, or substantial positive equity</u>?  At one point the debtor claims the Property is vastly underwater (dkt. 10, ¶ 3.b.) (listing a value of $497,724.00 as against debt of $1,238,302.24).  At another point he claims that he has substantial positive equity in the Property: "$50,000.00+accrued interest." Dkt. 10, ¶ 3.c.(4).

Nothing in the opposition papers attempts to explain these apparent contradictions.  It is permissible, of course, for a litigant to plead in the alternative; but again nothing in the opposition papers explains how the debtor believes that he is doing so.

The debtor's opaque opposition needlessly burdened Movant and this court with attempting to sort out the apparent contradictions and discern what factual and legal contentions the debtor was actually making.  The fact that the opposition is so opaque also is evidence that it was presented for improper purposes, such as to harass or cause unnecessary delay or needless increase in the costs of litigation.  For all of these reasons, it appears that Mr. Norman may have violated Rule 9011(b) and the ethical standards applicable to attorneys practicing before this court.

Based upon the foregoing, and with good cause appearing, it is hereby

ORDERED, pursuant to Rule 9011(c)(1)(B) (Fed. R. Bankr. P.), that Ronald A. Norman, Esq. must appear **AT THE DATE AND TIME SET FORTH ABOVE** and show cause why he should not be sanctioned under 11 U.S.C. § 105(a), Rule 9011(b), this court's inherent authority, or under any other applicable law or rule, and it is further

ORDERED that any written response to this order to show cause must be filed and served on the chapter 13 trustee and the debtor **NO LATER THAN OCTOBER 24, 2017.**

###

Date: September 29, 2017

Neil W. Bason
United States Bankruptcy Judge